UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HODA SAMUEL,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendants.

No. 2:18-cv-1739 MCE DB P

ORDER

Plaintiff is a federal prisoner proceeding pro se with a claim under the Federal Tort Claims Act ("FTCA"). Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 1), second amended complaint for screening (ECF No. 14), and several other motions filed by plaintiff (ECF Nos. 5, 6, 7, 9, 10). For the reasons set forth below, the court will dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**MOTION TO AMEND**

After filing the original complaint, and before filing the first amended and second amended complaints plaintiff filed a motion to amend the complaint. (ECF No. 9.) Plaintiff also included the motion to amend as an attachment to the amended complaints. Review of both the first amended complaint and second amended complaint show that they are identical to each other. Additionally, the amended complaints are identical to the original complaint with the addition of the motion to amend.

Plaintiff seeks to amend the complaint to add the following defendants: (1) Assistant U.S. Attorney, Phillip Ferrari; (2) Assistant U.S. Attorney, Michelle Price; (3) U.S. Attorney, Benjamin Wagner; (4) Court Agent, Dawn Waggonon; (5) Court Clerk for the Honorable Judge Mendez, Harry Vine; (6) Magistrate Judge Kendall Newman; (7) Probation Officer, Renee Basurdo; (8) Probation Officer, Linda Alger; (9) District Judge John Mendez; and (10) United States Marshal, Laura Davis. (ECF No. 9; ECF No. 14 at 7.)

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within 21 days after serving it . . . ." Since the original complaint has not yet been served, the court will grant plaintiff's motion to amend and screen the second amended complaint filed November 9, 2018.[1]

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

---
[1] An amended complaint supersedes the original complaint.

2

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Allegations in the Amended Complaint**

Plaintiff claims she is bringing "a civil suit for damages due to injury . . . under the Tort Claim act" and for violation of her "Constitutional Rights, Cruel and Unusual Punishment, bias and Discrimination." (ECF No. 14 at 1.) Plaintiff further states the main grounds raised in this action were originally filed in Samuel v. United States, No. 2:15-cv-2241 JAM KJN (E.D. Cal.), which was transferred to the Northern District of Texas by Judge Newman and dismissed.

////

3

Plaintiff claims she is refiling the original case, with modifications to include additional events that hindered her original complaint. (Id. at 2.)

Plaintiff alleges that on December 13, 2011, at the U.S. District Court in Sacramento, two Assistant U.S. Attorneys, Phillip Ferrari and Michelle Price, opened a courtroom door, hitting plaintiff, and injuring her right leg. (Id. at 3.) Plaintiff alleges probation officer Renee Basurdo observed the injury on December 14, 2011. Plaintiff suffered internal bruising and bleeding that caused her leg to break on its own on April 7, 2013. Plaintiff underwent surgery to repair her leg, but doctors later determined she needed a second corrective surgery.

Plaintiff claims Judge Mendez, the United States District Judge presiding over her criminal case, would not allow her to have surgery before the date she was ordered to surrender and begin her prison term. (Id. at 4-5.) The Ninth Circuit stayed plaintiff's surrender date so that the District Court could conduct an evidentiary hearing on the necessity of delaying plaintiff's surrender date so that she could undergo surgery. The District Court determined plaintiff's surrender date should not be further postponed.

Plaintiff was held in the Sacramento County Jail for a month, then transferred by van from Sacramento to Fresno, and by plane from Fresno to the Federal Medical Facility in Carswell, Texas. (Id. at 5.) Plaintiff claims she was transported by van even though her doctor testified at the evidentiary hearing that it would be painful for plaintiff to travel in a car for more than a few minutes.

### III. Does Plaintiff State a Cognizable Claim?

#### A. Federal Tort Claims Act

"The United States can be sued only to the extent that it waives its sovereign immunity from suit." Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003). "The FTCA waives the federal government's sovereign immunity for tort claims arising out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred." Green v. United States, 630 F.3d 1245, 1249 (9th Cir. 2011) (citing Terbush v. United

////

4

States, 516 F.3d 1125, 1128-29 (9th Cir. 2008)). The United States is the only proper defendant under the FTCA. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

To the extent plaintiff seeks to bring a tort claim against the newly added individual defendants, she is advised that the United States is the only proper defendant in a FTCA action. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Additionally, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff has not alleged compliance with the FTCA. Accordingly, the court must dismiss plaintiff's FTCA claim.

**B. Bivens Claim**

Plaintiff indicates this action also relates to the violation of her constitutional right to be free from cruel and unusual punishment. An action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). The basis of a Bivens action is some illegal conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Dep't of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003).

"To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3d (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314 (9th Cir. 1988).

////

Plaintiff must allege facts linking each named defendant to the violation of her rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The allegations contained in the complaint are not sufficient to state a claim under Bivens because plaintiff has failed to state facts showing any named defendant violated a specific constitutional right. While plaintiff appears to claim that she was subjected to cruel and unusual punishment when she was transported to the prison facility in Texas, she has not linked this action to any named defendant. In order to state a claim plaintiff must state facts showing an actual connection or link between the actions of the defendants and the deprivations she allegedly suffered. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978). To the extent plaintiff's complaint attempts to state a Bivens claim against Judges Mendez and Newman, all claims for damages against judges in their individual capacities are barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).

**AMENDING THE COMPLIANT**

As stated above, the complaint must be dismissed because it fails to state a claim. The court will provide plaintiff with one final opportunity to cure the deficiencies. If plaintiff chooses to file an amended complaint, she must allege facts demonstrating that the defendants' conduct violated the Eighth Amendment standards set forth in this order.

Plaintiff is advised that in an amended complaint she must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, she must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed

6

fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTIONS FOR DAMAGES**

Plaintiff filed three documents each entered on the docket as "Motion for Damages." (ECF Nos. 5, 6, 7.) Review of these documents shows that they are identical to the original

complaint filed June 15, 2018.  The court will deny as moot the motions for damages because these documents are identical to the original complaint, state the same allegations contained in both the original and amended complaints, and the court has dismissed the amended complaint with leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Warden of the Federal Medical Center, Carswell filed concurrently herewith.
3. Plaintiff's motion to amend (ECF No. 9) is granted.
4. Plaintiff's motions for damages (ECF Nos. 5, 6, 7) are denied as moot.
5. Plaintiff's complaint is dismissed with leave to amend.
6. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."
7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 3, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/samu1739.scrn

9