# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODA SAMUEL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:18-cv-1739 MCE DB P<br><br><br>ORDER |

Plaintiff, a federal prisoner proceeding pro se, is proceeding with an action under the Federal Tort Claims Act. Plaintiff claims that she has suffered personal injury as a result of negligence, wrongful acts, and omissions of employees and appointed officials of the Government while acting in the course and scope of their duties. (ECF No. 24.) Presently before the court is plaintiff's motion to appoint counsel. (ECF No. 28.)

**I.     Motion to Appoint Counsel**

Generally, a person has no right to counsel in a civil case. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff claims that she will be unable to litigate the instant case because she is of old age, suffers from various medical conditions, and has "eyesight problems that require a magnifying glass to see or read; that limits her access to legal material." (ECF No. 28 at 4-5.) Plaintiff also claims that, she is in excruciating pain and is permanently disabled. (ECF No. 24 at 7.) However, plaintiff has not specified what medical conditions she has and how those conditions and her age will impede her from articulating her claim or litigating her case. Furthermore, plaintiff's filings in this action indicate that she is able to access the resources necessary to file timely pleadings. Additionally, plaintiff may, and has, requested extensions of time when necessary.

As to plaintiff's vision issue, plaintiff claims that her eyesight problems require her to use a magnifying glass to see or read. (Id. at 4.) In Gomez v. Madden, No. 16-CV-2316-WQH(WVG), 2018 WL 6829821 (S.D. Cal. Dec. 28, 2018), the Court granted an appointment of counsel to a plaintiff with severe vision issues, reasoning that "[i]f Plaintiff does not have the ability to research, draft, or otherwise litigate this case due to his vision issues, he will invariably need to request extensions of deadlines" and for that reason the appointment of counsel would benefit the Court. (Id. at 1-2.) In the instant case, plaintiff is able to see and read with the assistance of a magnifying glass. Additionally, plaintiff's filings in this action reflect that she is capable of reading and comprehending orders from the court. Therefore, the undersigned does not find plaintiff's age, medical condition, and vision issues to be exceptional circumstances sufficient to warrant the appointment of counsel.

////

Plaintiff also claims that she will be unable to litigate the instant case because she is not a native English speaker, the case is legally complex, and she is at a disadvantage due to her lack of legal training. (ECF No. 28 at 4-5.) It appears that plaintiff has adequate understanding of English and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." Nguyen v. Bartos, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012); see Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (The Court denied the appointment of counsel to an indigent plaintiff unable to read and write English.); Rios v. Tilton, No. 2:07-CV-0790 WBS KJN P, 2010 WL 3784703, at *9 (E.D. Cal. Sept. 24, 2010) (The Court held that plaintiff, a state prisoner, claiming to be "disadvantaged in legal training and resources, because English is his second language" did not face any challenges "dissimilar to those faced by most prisoners pursuing civil rights actions.")

Plaintiff cites to 2nd, 7th and 8th Circuit cases in support of her claim that she is at a disadvantage due to her lack of legal training and the legal complexity of the case. (ECF No. 28 at 4-5.) Those cases are not persuasive authority. Furthermore, in a relevant case, the Eastern District stated that lacking legal training and/or access to legal material does not constitute exceptional circumstances. Galvan v. Fox, No. 2:15-CV-01798 KJM DB, 2017 WL 1353754, at *9 (E.D. Cal. Apr. 12, 2017). The undersigned does not find plaintiff's English skills, lack of legal training and the case's complexity to be exceptional circumstances for the appointment of counsel.

Plaintiff further claims that "she is unable to identify, locate and interview the people outside of prison whom the defendants would use as witnesses," and that this action will require "[m]edical experts and/or to cross-examine the witness by the defendants or both." (ECF No. 28 at 3.) Plaintiff's inability to identify, locate and interview witnesses is a circumstance common to most prisoners and does not establish an exceptional circumstance that would warrant a request for voluntary assistance of counsel.

Plaintiff also appears to claim that she will be unable to successfully litigate this case due to her lack of knowledge of medical issues and terminology. (ECF No. 28 at 4.) However, there

3

is no need for expert testimony at this time as plaintiff has demonstrated an ability to explain her injury without the assistance of counsel. Therefore, the undersigned does not find plaintiff's inability to identify, locate, and interview defendant's witnesses, and her lack of knowledge of medical issues and terminology to be exceptional circumstances for the appointment of counsel.

At this stage of the proceedings the undersigned is unable to ascertain plaintiff's likelihood of success on the merits. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated). Plaintiff has not established exceptional circumstances that would warrant appointment of counsel. Accordingly, plaintiff's motion to appoint counsel (ECF No. 28.) is denied without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 28) is denied without prejudice.

Dated: July 23, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:am(12)
DB:1/Orders/Prisoner/Civil.Rights/samu1739.mta

4