UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODA SAMUEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | No. 2:18-cv-1739 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding pro se with a claim under the Federal Tort Claims Act ("FTCA"), 29 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680. Plaintiff claims she was injured when two employees of the United States Attorney's Office for the Eastern District of California "slammed opened" a heavy courtroom door, hitting and injuring her right leg. Presently before the court is defendant's fully briefed motion to dismiss. (ECF No. 27.) For the reasons set forth below the court will recommend that the motion be granted.

**BACKGROUND**

**I.　Procedural History**

Plaintiff initiated this action by filing the original complaint on June 15, 2018. (ECF No. 1.) Plaintiff filed a first amended complaint and a second amended complaint before the court had an opportunity to screen the complaint. (ECF Nos. 13, 14.) Upon screening, the court dismissed the complaints for failure to state a claim and granted plaintiff leave to file an amended

1

complaint.  (ECF No. 16.)  Thereafter, plaintiff filed a third amended complaint (ECF No. 20) and a fourth amended complaint (ECF No. 24).  The court found that plaintiff's fourth amended complaint stated a potentially cognizable claim and ordered service appropriate for the defendant.  (ECF No. 25.)

In response to the complaint, defendant filed the instant motion to dismiss.  (ECF No. 27.)  Plaintiff requested, and was granted, several extensions of time to file an opposition.  (ECF Nos. 29, 30, 32, 34, 37, 38, 39, 41.)  Plaintiff has now filed an opposition (ECF No. 40) and defendant has replied (ECF No. 42).

**II.    Allegations in the Operative Complaint**

The events giving rise to the allegations in the complaint occurred during the course of criminal proceedings in which plaintiff was a defendant.  See United States v. Samuel et al., 2:10-cr-0223 JAM KJN.  Plaintiff alleges that on December 13, 2011, at the U.S. District Court in Sacramento, two Assistant U.S. Attorneys ("AUSAs"), Phillip Ferrari and Michelle Price, slammed open the courtroom door, hitting plaintiff, and injuring her right leg.  (ECF No. 24 at 2.)  Plaintiff states she suffered internal bruising and bleeding that caused her leg "to break on its own on April 7, 2013."  (Id. at 3.)  Plaintiff underwent surgery to repair her leg, but doctors later determined she needed a second corrective surgery.  Surgery was scheduled for August 19, 2013 but was ultimately postponed because plaintiff developed an infection.

Plaintiff claims Judge Mendez, the U.S. District Judge presiding over her criminal case, would not allow her to have surgery before the date she was ordered to surrender and begin her prison term.  (Id. at 4-5.)  The Ninth Circuit stayed plaintiff's surrender date so that the district court could conduct an evidentiary hearing on the necessity of delaying plaintiff's surrender date so that she could undergo surgery.  (Id. at 4.)  Following the hearing, Judge Mendez determined that plaintiff's surrender date should not be further postponed, despite testimony from her doctor stating the surgery was not elective, that he recommended surgery be performed as soon as possible, and that requiring plaintiff to travel would be harmful and painful.

////

////

**MOTION TO DISMISS**

**I.     Defendant's Motion**

Defendant argues the court should dismiss this action for lack of subject matter jurisdiction because plaintiff failed to properly exhaust administrative remedies. (ECF No. 27-1 at 1.) Defendant's motion to dismiss also identifies two prior lawsuits, filed by plaintiff and containing allegations similar to those in the present case, that were dismissed by United States District Court for the Northern District of Texas. Both prior suits were dismissed for lack of subject matter jurisdiction. (Id. at 2-4.) Defendant further argues that any claims related to Judge Mendez's rulings are barred by judicial immunity and the claims against the AUSAs are barred because the FTCA's intentional tort exception does not apply to any claims arising out of assault or battery. (Id. at 5, 7.)

**II.    Plaintiff's Opposition**

Plaintiff argues she has complied with the exhaustion requirements of the FTCA. (ECF No. 40 at 2.) In support or her argument, plaintiff alleges that she has satisfied the exhaustion requirement by sending a form to the "Federal Building" in December 28, 2011. (Id. at 1-2.) She further claims that the details of the door incident were detailed in a letter from plaintiff's friend in two different filings in plaintiff's criminal case. (Id. at 2.) She states investigation through depositions would reveal the unclean hands of the government. (Id.) Plaintiff further argues Mendez's actions were "an over exertion of power that no absolute immunity can or should shield." (Id. at 3.)

**LEGAL STANDARDS**

**I.     Standard of Review on Motion to Dismiss Pursuant to Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. Kokkonen, 511 U.S. at 377.

////

1       Rule 12(b)(1) provides for dismissal of a complaint on the grounds that the court lacks
2 subject-matter jurisdiction. "Rule 12(b)(1) jurisdictional challenges may be facial or factual."
3 Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227
4 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the challenger's assertion that
5 allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." Safe
6 Air, 373 F.3d at 1039. A factual attack disputes the validity of allegations that, if true, would
7 invoke federal jurisdiction. Id. In resolving a factual attack, the Court "need not presume the
8 truthfulness of the plaintiffs' allegations." White, 227 F.3d at 1242; see also Thornhill Pub. Co.
9 v. General Tel. Elec. Corp., 594 F.2d 730, 734 (1979) (quoting Mortenson v. First Fed. Sav. &
10 Loan Assoc., 549 F.2d 884, 891 (1977)) (No presumptive truthfulness attaches to plaintiff's
11 allegations, and the existence of disputed material facts will not preclude the trial court from
12 evaluating for itself the merits of jurisdictional claims."). "[T]he district court may review
13 evidence beyond the complaint without converting the motion to dismiss into a motion for
14 summary judgment." Safe Air, 373 F.3d at 1039. This evidence includes "affidavits furnished by
15 both parties." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).
16 "Once the moving party has converted the motion to dismiss into a factual motion by presenting
17 affidavits or other evidence properly brought before the court, the party opposing the motion must
18 furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter
19 jurisdiction." Id.
20       "Although ordinarily the defendant bears the burden of proving an affirmative statute of
21 limitations defense, where the statute of limitations is jurisdictional, and, 'when subject matter
22 jurisdiction is challenged under the Federal Rule of Procedure 12(b)(1), the plaintiff has the
23 burden of proving jurisdiction in order to survive the motion.'" Kingman Reef Atoll Investments,
24 L.L.C. v. U.S., 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting Tosco Corp. v. Comtys. For a Better
25 Env't, 236 F.3d 495, 499 (9th Cir. 2001)).

### II. Judicial Immunity

27       Judicial immunity is so firmly grounded in our jurisprudence that it cannot be defeated by
28 procedural error or malicious, biased or controversial actions. Mireles v. Waco, 502 U.S. 9, 11

(1991) (malicious action does not defeat judicial immunity); Stump v. Sparkman, 435 U.S. 349, 359, 363-64 (1978) (procedural error does not defeat judicial immunity); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (conspiracy and bribery do not defeat judicial immunity); Lopez v. Vanderwater, 620 F.2d 1229, 1234 (7th Cir. 1980) (prejudice does not defeat judicial immunity). A judge's errors should be corrected on appeal, not by subsequent civil litigation. Pierson v. Ray, 386 U.S. 547, 554 (1967); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curium).

Nonetheless there are two exceptions to judicial immunity: (1) allegations arising from "actions not taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12; In re Complaint of Judicial Misconduct, 366 F.3d 963, 965 (9th Cir. 2004). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. See Stump, 435 U.S. at 362.

### III. Federal Torts Claims Act

No court has jurisdiction to award relief against the United States unless such relief is expressly authorized by statute. United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)). "The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Absent such a waiver, the action must be dismissed for lack of subject matter jurisdiction. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

"The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Although the FTCA waives the sovereign immunity of the United States for actions in tort, the Act provides that no suit shall be instituted under the Act "unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues or it is forever barred. 28

U.S.C. § 2401(b). A claim is deemed presented for purposes of § 2675(a) when the appropriate federal agency receives from the claimant "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Warren v. U.S. Dep't of Interior, 724 F.2d 776, 780 (9th Cir. 1984). Under 28 U.S.C. § 2401(b), a claimant must file a district court action within six months of an agency's claim denial or expiration of six months within which the agency must act, 28 U.S.C. § 2675(a).

Exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit in federal court. Bruns v. National Credit Union Admin., 122 F.3d 1251, 1254 (9th Cir. 1997); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992). Additionally, courts are required to strictly construe the exhaustion requirement. Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (where exhaustion conditions not satisfied, action may not proceed "merely because dismissal would visit a harsh result upon the plaintiff.").

**ANALYSIS**

**I.      Claims regarding Plaintiff's Surrender Date are Barred**

The court stated in its screening order, that plaintiff's claim against Judge Mendez regarding her surrender date is barred by judicial immunity. See ECF No. 25 at 4. However, plaintiff argues in her opposition that judicial immunity should not apply because certain statements made amounted to "an over exertion of power that no absolute immunity can or should shield." (ECF No. 40 at 3.) Plaintiff alleges that Judge Mendez threatened her by informing her counsel that there would be consequences should she fail to appear for her self-surrender date. (Id. at 8.) Plaintiff further states in her opposition that "[t]he claimed immunity is not an absolute immunity and there are well-known exceptions to such immunity" and she "is researching the Case law under her limited access to legal resources." (ECF No. 40 at 7.).

Plaintiff claims her rights were violated because Judge Mendez denied her requests to delay her surrender date. The alleged rights violation occurred when Judge Mendez was performing a core judicial duty and while exercising the jurisdiction of his office. Thus, neither of the two exceptions to judicial immunity are applicable to the factual scenario alleged in the complaint. Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal

judge enjoys absolute judicial immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction").

Accordingly, as the court previously stated, plaintiff's claim that Judge Mendez violated her rights in denying the motion to postpone her surrender date is barred by judicial immunity.

## II. Plaintiff has Failed to Establish Subject Matter Jurisdiction

Defendants have put forth evidence in the form of declarations from the Department of Justice stating that they do not have any records indicating that an administrative claim was presented to either agency. (ECF No. 27-4.) Plaintiff alleges she sent a Standard Form 95[1] to the Federal Building on December 11, 2013, that it was received by an agent, and it was forwarded to Judge Mendez's chambers. (ECF No. 40 at 5.) Plaintiff also argues that the U.S. Attorney's office was aware of her claim because she sent a letter to the U.S. Attorney describing the injury. (Id. at 5.) She further states that after six months passed and she had not received any response, she sent a letter to the court inquiring about the status of her claim. (ECF No. 24 at 5.)

### A. Failure to Send Claim to Appropriate Agency

As defendants have argued, in order to properly exhaust her claim regarding the courtroom door, plaintiff should have filed her claim with Department of Justice. (ECF No. 27-1 at 6.) The Department of Justice is the appropriate agency to send administrative tort claims based on actions by U.S. attorneys who are employees of the Department of Justice. See 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."). Defendants have put forth evidence in the form of a declaration stating that there is no record plaintiff filed an administrative tort claim with that agency. (ECF No. 27-4.)

Plaintiff has not produced evidence showing that she sent a claims form to the Department of Justice. Instead, plaintiff emphasizes that she sent a Form 95 to the "Federal Building" on December 11, 2013 and that document satisfied the FTCA's exhaustion requirement. (ECF No. 27-3 at 7; ECF No. 15 at 19-20.) In the section labeled "Submit to Appropriate Federal Agency"
////

---

[1] 28 C.F.R. § 14.2(a) provides that a claim is deemed presented when a Federal agency receives "an executed Standard Form 95 or other written notification of an incident."

7

plaintiff wrote "Federal Building." (Id.) However, the "Federal Building" is not a federal agency.

>Additionally, in the section labeled "Basis of Claim" plaintiff stated:
>>I WAS INJURED BY THE COURT ROOM DOOR. MY LEG HAD INTERNAL BRUSING. DUE TO THE DAMAGE, MY LEG BROKE WITHOUT FALLING. AFTER SURGERY, MY LEG IS ABOUT 3 INCHES SHORTER. I NEED MORE SURGERY.

(ECF No. 27-3 at 7; ECF No. 15 at 19-20.)[2] Plaintiff's description of her claim does identify any specific federal agency and does not identify the specific location where the incident took place. Nor is it clear that the injury was caused by the allegedly tortious acts of federal employees. Thus, the claim form fails to satisfy the exhaustion requirement because it does not contain sufficient information to allow the appropriate agency to investigate her claim. Tidd v. U.S., 786 F.2d 1565, 1568 (11th Cir. 1986) (finding Form 95 lacking accurate details regarding location and approximate date of incident failed to satisfy § 2675's exhaust requirement).

### B. Plaintiff is not Entitled to Constructive Filing

Plaintiff claims that even though she failed to send her claim to the proper location, the agency that received it should have forwarded it to the appropriate agency pursuant to 28 C.F.R. § 14.2(b)(1). (ECF No. 40 at 6-7.) As stated above, the form does not identify any specific federal building or indicate that plaintiff's injury was caused by government employees. Thus, the court finds that plaintiff's form does not contain enough information to identify the proper agency.

---

[2] The court notes that this form appears to be the same form plaintiff presented in the two Texas cases and that in each case the respective courts determined the form was insufficient to exhaust plaintiff's claim regarding the courtroom door incident. The court recognizes that resolution of a subject matter jurisdiction question is not a resolution on the merits. See Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction does not operate as an adjudication on the merits); Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occup. Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995) (dismissal under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) is not a dismissal on the merits). Therefore, principles of res judicata do not apply, Northeast Erectors, 62 F.3d at 39 (because Rule 12(b)(1) dismissal is not on the merits, it is "without res judicata effect"); see also Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 11 (1st Cir. 2009) (same), abrogated on other grounds in Levin v. Commerce Energy, Inc., 560 U.S. 413 (201; cf. United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (doctrine of res judicata or claim preclusion "bars repetitious suits involving the same causes of action once a court of competent jurisdiction has entered a final judgment on the merits"), and the undersigned has reached an independent decision on the issue of subject matter jurisdiction.

Further, in applying 28 C.F.R. § 14.2(b)(1), courts have held that "claimants who wait to the last minute or the eleventh hour and file with the wrong agency cannot take advantage of constructive filing." Bhatnagar v. United States, No. 14-cv-0327 MEJ, 2015 WL 4760386, at *7 (N.D. Cal. Aug. 12, 2015). See e.g., Ortiz ex rel. Ortiz v. United States, No. CIV F 03-6541 AWI SMS, 2007 WL 404899, at *17 (E.D. Cal. Feb. 2, 2007) (permitting constructive filing where claim was filed with wrong agency thirty-three days before the expiration of the limitations period); Lotrionte v. United States, 560 F.Supp. 41, 42-43 (S.D.N.Y. Apr. 6, 1983) (not permitting constructive filing where claim was filed with wrong agency three days before the expiration of the limitations period); Martinez v. Minnis, 257 Fed. App'x 261, 264 (11th Cir. 2007) (not permitting constructive filing where claim was filed with wrong agency four days before the expiration of the limitations period).

Here, plaintiff states the courtroom door incident occurred on December 13, 2011. (ECF No. 40 at 2.) Plaintiff had two years, or until December 13, 2013, to present her claim. Plaintiff alleges she sent form on December 11, 2013. Thus, because plaintiff waited until two days before the expiration of the limitations period, she is not entitled to the benefit of constructive filing.

### C. Letter to U.S. Attorney

Plaintiff has also pointed to a document submitted as an attachment to a letter filed prior to sentencing in her criminal case. See U.S. v. Samuel et al., No. 2:10-cr-0223, ECF No. 376. The attachment is an undated letter plaintiff sent to U.S. Attorney Robert Wagner regarding the courtroom door incident and her related injury. In that letter she states, "I assure you, I do not intend to press charges nor am I going to ask anyone to reimburse me for my medical expenses..." (ECF No. 15 at 17.) The purpose of the FTCA's exhaustion requirement is, in part, to allow the government to investigate, evaluate, and consider settlement of a claim. Furman v. U.S. Postal Service, 349 F.Supp.2d 553, 557 (E.D.N.Y. 2004); see also McNeil v. United States, 508 U.S. 106, 111-12 & nn. 7-8; Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000). Such considerations may only take place when a federal agency has knowledge of intent to sue, rather than simply knowledge that an incident occurred.

////

Thus, this letter does not satisfy the exhaustion requirement because it did not alert the agency of plaintiff's intent to pursue damages based on her injury, and in fact stated that she did not intend to file suit or seek payment for her injuries.

**NO LEAVE TO AMEND**

The undersigned has carefully considered whether plaintiff may amend her complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. V. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). See also United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of leave to amend."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). The court finds that granting plaintiff leave to amend would be futile because the court does not have subject matter jurisdiction over this action. Thus, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 27) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////
////
////
////

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated:  December 23, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/samu1739.mtd